JN

**FILED**
**JANUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIR INTERNET MARKETING, INC., ) | |
| ) | |
| an Illinois corporation, ) | |
| ) | |
| Plaintiff, ) CIVIL ACTION | |
| ) | |
| v. ) FILE NO: _____ | |
| ) | |
| STARTLOGIC, INC., ) | |
| ) | |
| an Arizona corporation, ) | |
| ) | |
| Defendant. ) | |

**08 C 131**

**JUDGE HART**
**MAGISTRATE JUDGE COLE**

## COMPLAINT

Plaintiff Mir Internet Marketing, Inc., an Illinois corporation (hereinafter, "Plaintiff"), by and through its undersigned counsel, complains as follows against Defendant StartLogic, Inc. ("Defendant"):

### THE PARTIES

1. Plaintiff is a corporation organized under the existing laws of the State of Illinois and has an office and principal place of business at 818 Harrison Street, Suite 205, Oak Park, Illinois 60304.

2. Upon information and belief, Defendant StartLogic, Inc., is a corporation organized under the laws of the State of Arizona and has an office and place of business at 919 East Jefferson Street, Suite 100, Phoenix, Arizona 85034.

## NATURE OF ACTION

3.  This is an action for service mark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. 1051 *et seq*.), and unfair and deceptive trade practices under Illinois common law, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, based on the Defendant's adoption and use of trade names "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" suffix trade names for Defendant's services and software products in violation of Plaintiff's established rights in "SEO LOGIC" as a registered service mark for computer programming services.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 15 U.S.C. 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1338(b) (pendent unfair competition claims) and 28 U.S.C. 1332(a) (diversity of citizenship). The amount in question herein exceeds $75,000. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c).

## COUNT I
## INFRINGEMENT OF FEDERAL
## SERVICE MARK REGISTRATION NO. 2,734,898

5.  Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6.  Plaintiff is the owner of United States service mark Registration No. 2,734,898, registered July 8, 2003, for "SEO LOGIC" (for computer programming services for increasing

internet traffic to websites in Class 42), a copy of the registration certificate available from the United States Patent and Trademark Office is attached as Exhibit A. This registration is now valid, subsisting, uncancelled and unrevoked (the "Mark").

7.      Continuously since on or about January 25, 2002, Plaintiff has used the Mark in connection with and to identify its services and to distinguish said products from similar services and products offered by other companies by, and without limitation, prominently displaying the Mark on the website located at the "www.seologic.com" domain name and advertising and promotional materials distributed throughout the United States. Plaintiff's services provided under the Mark are provided nationwide, including in the State of Illinois.

8.      In addition, as of the date of the filing of this complaint, Plaintiff is actively engaged in expanding its use of the Mark in connection with computer programming services in interstate commerce throughout the United States, including in the State of Illinois.

9.      Defendant has infringed the Mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of search engine optimization software and services and related computer programming and consulting services for increasing internet traffic to websites under the name "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" of a type both identical and similar to the services offered by Plaintiff and the operation of an internet web site, prominently displaying, advertising, and promoting services under the foregoing trade names.  (A printed copy of the Defendant's website where those trade names appear is attached as Exhibit B.)

10. Defendant's use of the infringing trade names in connection with software products and services is without permission or authority of Plaintiff and Defendant's use is likely to cause confusion, to cause mistake and/or to deceive.

11. Defendant's use of the infringing trade names in connection with software products and computer programming and search engine optimization services has been and is made notwithstanding Plaintiff's use of the Mark within Plaintiff's industry, Plaintiff's prior established rights in the Mark, and Defendant's actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. 1072.

12. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in the Mark. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enjoin Defendant from directly or indirectly (i) using the trade names "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" based trade names for Defendant's services and software products, or (ii) otherwise infringing on U.S. Trademark Registration No. 2,734,898;

B. Order Defendant to account to Plaintiff for Defendant's profits earned during its period of trademark infringement;

C. Award Plaintiff damages suffered by it as a result of Defendant's violation of Plaintiff's rights in the registered Mark, and such other monetary relief as is permitted by law, including treble damages, attorneys' fees, and costs under Section 35 of the Lanham Act (15 U.S.C. 1117); and

D. Award Defendant such other and further relief as the Court deems just.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## UNDER 15 U.S.C. 1125(A)

13. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-12 of this Complaint as if fully set forth herein.

14. Upon information and belief, Defendant has used the designation "SEOLOGIC" in connection with computer programming services in interstate commerce for increasing internet traffic to websites. Said use of the designation "SEOLOGIC" is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiff.

15. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in the Mark. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enjoin Defendant from directly or indirectly (i) using the trade names "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" based trade names for Defendant's services and software products, or (ii) otherwise injuring Plaintiff's business reputation and diluting its trademark rights, pursuant to Section 34 of the Lanham Act (15 U.S.C. 1116);

B. Order Defendant to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" based trade names for Defendant's services and software products, pursuant to Section 36 of the Lanham Act (15 U.S.C. 1118);

C. Order Defendant to account to Plaintiff for Defendant's profits earned during its period of false designation of origin;

D. Award Plaintiff damages suffered by it as a result of Defendant's false designation of origin, and such other monetary relief as is permitted by law, including treble damages, attorneys' fees, and costs under Section 35 of the Lanham Act (15 U.S.C. 1117); and

E. Award Defendant such other and further relief as the Court deems just.

## COUNT III
## COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

16. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the name "SEO LOGIC" within the State of Illinois and in violation of Illinois law.

18. Upon information and belief, Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in the Mark. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enjoin Defendant from directly or indirectly (i) using the trade names "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" based trade names for Defendant's services and software products, or (ii) otherwise infringing on U.S. Trademark Registration No. 2,734,898 or engaging in unfair and deceptive trade practices;

B. Order Defendant to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" based trade names for Defendant's services and software products;

C. Order Defendant to account to Plaintiff for Defendant's profits earned during its period of trademark infringement and unfair competition;

D. Award Plaintiff damages suffered by it as a result of Defendant's trademark infringement in an amount to be determined at trial; and

E. Award Defendant such other and further relief as the Court deems just.

## COUNT IV
## ILLINOIS UNIFORM
## DECEPTIVE TRADE PRACTICES ACT

19. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Defendant's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 *et seq*.

21. Upon information and belief, Defendant's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in the Mark. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enjoin Defendant from directly or indirectly (i) using the trade names "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" based trade names for Defendant's services and software products, or (ii) otherwise engaging in unfair and deceptive trade practices;

B. Order Defendant to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" based trade names for Defendant's services and software products;

C. Award Plaintiff its attorneys' fees, together with costs of this suit, pursuant to Section 815 ILCS 510/3 of the Illinois Uniform Deceptive Trade Practices Act; and

D. Award Defendant such other and further relief as the Court deems just.

Dated: January 7, 2008                          By:    s/Arthur E. Rosenson
                                                       Arthur Rosenson
                                                       Cohen Rosenson & Zuckerman, LLC
                                                       111 E Wacker Dr
                                                       Chicago, IL 60601
                                                       (312) 552-8100
                                                       arosenson@crzlegal.com

LIST OF EXHIBITS

1. EXHIBIT A—Copy of the United States Patent and Trademark Office Registration Certificate

2. EXHIBIT B—Printed copy of Defendant's website where infringing trade names appear