IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| MIR INTERNET MARKETING, INC., | ) | |
| | ) | |
| An Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 c 131 |
| | ) | |
| v. | ) | Judge Hart |
| | ) | Magistrate Judge Jeffrey Cole |
| STARTLOGIC, INC., | ) | |
| | ) | |
| An Arizona corporation, | ) | |
| | ) | |
| Defendant. | ) | |


ANSWER TO COMPLAINT AND
AFFIRMATIVE DEFENSES OF STARTLOGIC, INC.

For its answer to the allegations of the Complaint of Mir Internet

Marketing, Inc. ("plaintiff"), defendant StartLogic, Inc. ("defendant"), by and

through its undersigned counsel, hereby alleges as follows:


THE PARTIES

1.      Plaintiff is a corporation organized under the existing laws of
the State of Illinois and has an office and principal place of business at 818
Harrison Street, Suite 205, Oak Park, Illinois  60304.

ANSWER:

        Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 1 and therefore denies the same,

leaving plaintiff to its proofs thereon.


      2.    Upon information and belief, Defendant StartLogic, Inc., is a corporation organized under the laws of the State of Arizona and has an office and place of business at 919 East Jefferson Street, Suite 100, Phoenix, Arizona  85034.

ANSWER:

      Defendant admits the averments of paragraph 2.

<u>NATURE OF ACTION</u>

      3.    This is an action for service mark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. 1051 <u>et</u> <u>seq</u>.), and unfair and deceptive trade practices under Illinois common law, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 <u>et</u> <u>seq</u>., based on the Defendant's adoption and use of trade names "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and "WINDOWSLOGIC" and similar "-logic" suffix trade names for Defendant's services and software products in violation of Plaintiff's established rights in "SEO LOGIC" as a registered service mark for computer programming services.

ANSWER:

      Defendant denies the averments of paragraph 3, except that defendant

admits that the Complaint purports to state claims under the Lanham Act, 15

U.S.C. § 1051, <u>et</u> <u>seq</u>., under Illinois common law and under the Illinois Uniform

Deceptive Trade Practices Act, 815 ILCS 510/1, <u>et</u> <u>seq</u>.

<u>JURISDICTION AND VENUE</u>

4.    This Court has jurisdiction over this action pursuant to 15 U.S.C. 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1338(b) (pendent unfair competition claims) and 28 U.S.C. 1332(a) (diversity of citizenship).  The amount in question herein exceeds $75,000.  Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c).

ANSWER:

Defendant denies the averments of paragraph 4, except that defendant

admits that the Complaint purports to invoke this Court's jurisdiction under

15 U.S.C. § 1121, 28 U.S.C. §§ 1338(a) and (b) and 28 U.S.C. § 1332(a).

COUNT I
INFRINGEMENT OF FEDERAL
<u>SERVICE MARK REGISTRATION NO. 2,734,898</u>

5.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 4 of this Complaint as if fully set forth herein.

ANSWER:

Defendant repeats and reavers its responses to the averments of

paragraphs 1-4.

6.    Plaintiff is the owner of United States service mark Registration No. 2,734,898, registered July 8, 2003, for "SEO LOGIC" (for computer programming services for increasing internet traffic to websites in Class 42), a copy of the registration certificate available from the United States Patent and

-3-

Trademark Office is attached as Exhibit A.  This registration is now valid, subsisting, uncancelled and unrevoked (the "Mark").

ANSWER:

        Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6, except that defendant admits that what purports to be a copy of Registration No. 2,734,898 is attached to the Complaint as Exhibit A.

       7.    Continuously since on or about January 25, 2002, Plaintiff has used the Mark in connection with and to identify its services and to distinguish said products from similar services and products offered by other companies by, and without limitation, prominently displaying the Mark on the website located at the www.seologic.com domain name and advertising and promotional materials distributed throughout the United States.  Plaintiff's services provided under the Mark are provided nationwide, including the State of Illinois.

ANSWER:

        Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 and therefore denies the same, leaving plaintiff to its proofs thereon.

       8.    In addition, as of the date of filing of this complaint, Plaintiff is actively engaged in expanding its use of the Mark in connection with the computer programming services in interstate commerce throughout the United States, including in the State of Illinois.

ANSWER:

    Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 8 and therefore denies the same,

leaving plaintiff to its proofs thereon.


    9. Defendant has infringed the Mark in interstate commerce by
various acts, including, without limitation, the selling, offering for sale, promotion
and advertising of search engine optimization software and services and related
computer programming and consulting services for increasing internet traffic to
websites under the name "SEOLOGIC", "SEOLOGIC PRO", "SEOLOGIC
PREMIUM", "SEOLOGIC STRATEGY", "STARTLOGIC", "PROLOGIC", and
"WINDOWSLOGIC" of a type both identical and similar to the services offered by
Plaintiff and the operation of an internet web site, prominently displaying,
advertising, and promoting services under the foregoing trade names.  (A printed
copy of the Defendant's website where those names appear is attached as Exhibit
B.)

ANSWER:

    Defendant denies the averments of paragraph 9, except that defendant

admits that what purports to be a printout of a portion of defendant's former

website is attached to the Complaint as Exhibit B.


    10. Defendant's use of the infringing trade names in connection with
software products and services is without permission or authority of Plaintiff and
Defendant's use is likely to cause confusion, to cause mistake and/or to deceive.

ANSWER:

       Defendant denies the averments of paragraph 10.


       11.   Defendant's use of the infringing trade names in connection with software products and computer programming and search engine optimization services has been and is made notwithstanding Plaintiff's use of the Mark within Plaintiff's industry, Plaintiff's prior established rights in the Mark, and Defendant's actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. 1072.

ANSWER:

       Defendant denies the averments of paragraph 11.


       12.   Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in the Mark.  Plaintiff has no adequate remedy at law.

ANSWER:

       Defendant denies the averments of paragraph 12.


COUNT II
FALSE DESIGNATION OF ORIGIN
<u>UNDER 15 U.S.C. 1125(A)</u>

       13.   Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-12 of this Complaint as if fully set forth herein.

ANSWER:

       Defendant repeats and reavers its responses to the averments of

paragraphs 1-12.

14.  Upon information and belief, Defendant has used the designation "SEOLOGIC" in connection with computer programming services in interstate commerce for increasing internet traffic to websites.  Said use of the designation "SEOLOGIC' is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiff.

ANSWER:

Defendant denies the averments of paragraph 14.

15.  Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in the Mark.  Plaintiff has no adequate remedy at law.

ANSWER:

Defendant denies the averments of paragraph 15.

COUNT III
COMMON LAW UNFAIR COMPETITON AND
TRADEMARK INFRINGEMENT

16.  Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 15 of this Complaint as if fully set forth herein.

ANSWER:

Defendant repeats and reavers its responses to the averments of

-7-

paragraphs 1-15.

17.   Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the name "SEO LOGIC" within the State of Illinois and in violation of Illinois law.

ANSWER:

Defendant denies the averments of paragraph 17.

18.   Upon information and belief, Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in the Mark.  Plaintiff has no adequate remedy at law.

ANSWER:

Defendant denies the averments of paragraph 18.

COUNT IV
ILLINOIS UNIFORM
<u>DECEPTIVE TRADE PRACTICES ACT</u>

9.   Plaintiff realleges and incorporates by reference the allegations of paragraph 1 through 18 of this Complaint as if fully set forth herein.

ANSWER:

Defendant repeats and reavers its responses to the averments of

paragraphs 1-18.

-8-

20.    Defendant's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 <u>et</u> <u>seq</u>.

ANSWER:

Defendant denies the averments of paragraph 20.

21.    Upon information and belief, Defendant's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in the Mark. Plaintiff has no adequate remedy at law.

ANSWER:

Defendant denies the averments of paragraph 21.

<u>AFFIRMATIVE DEFENSES</u>

Further answering the Complaint, StartLogic, Inc. alleges:

22.    Plaintiff's claims are barred by the doctrines of laches, acquiescence and estoppel.

23.    The term "SEO" is a generic term that is widely used throughout the computer industry to refer to search engine optimization. Similarly, the term "LOGIC" is widely used in the computer industry. The combination of these generic and highly-diluted terms to form "SEO LOGIC" is not distinctive and

is entitled, at most, to only a very narrow protection.

24.     Numerous third parties have used the term "SEO LOGIC", or a variation, to refer to search engine optimization services.  Accordingly, this term is diluted, non-distinctive and does not identify plaintiff or its services.

25.     Plaintiff's requests for injunctive relief are moot because defendant is not using the term "SEOLOGIC" and has no plans to use that term in the future.

WHEREFORE, defendant requests:

A.     That plaintiff's claims be dismissed in their entirety with prejudice and judgment be entered for defendant;

B.     That defendant be awarded its costs in this civil action, including reasonable attorneys' fees; and

C.     That defendant be awarded such other and further relief as the Court deems just and equitable.

-10-

Dated:  April 10, 2008                          Respectfully submitted,


                                                /s/ Keith V. Rockey
                                                KEITH V. ROCKEY
                                                AVANI C. MACALUSO
                                                  Rockey, Depke, & Lyons, LLC
                                                  Sears Tower, Suite 5450
                                                  233 South Wacker Drive
                                                  Chicago, Illinois 60606
                                                  Telephone:  312-277-2006
                                                  Facsimile:  312-441-0570

                                                Attorneys for Defendant

OF COUNSEL:

SUSAN PROGOFF
VICTOR HENDRICKSON
  Ropes & Gray LLP
  1211 Avenue of the Americas
  New York, New York 10036
  Telephone:  212-596-9000
  Facsimile:  212-596-9090

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 10, 2008, a true and correct copy of the foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF STARTLOGIC, INC. was filed electronically with the Clerk of Court using the CM/ECF System, which will provide electronic notice to the following attorney for plaintiff:

> Arthur Rosenson, Esq.
> Cohen, Rosenson, Zuckerman, LLC
> 111 E. Wacker Drive
> Suite 2620
> Chicago, IL  60601
> arosen@crzlegal.com

> /s/ Keith V. Rockey
> One of Defendant's Counsel